**Hermann H. KIND, Plaintiff,**

**v.**

**William ROGERS, Attorney General of the United States of America, Defendant.**

**Civ. A. No. 7576.**

United States District Court
W. D. New York.
April 23, 1958.

Myles, Wormser & Koch, New York City (Arnold T. Koch, Alden Mesrop, New York City, of counsel), for plaintiff.

John O. Henderson, U. S. Atty., Buffalo, N. Y., George B. Searls, Walter T. Nolte, Office of Alien Property, Washington, D. C., for defendant.

MORGAN, District Judge.

■ Defendant has moved for summary judgment. It would be well at the outset to recall the language of the late and learned Judge Frank, often cited by this court, in Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, at page 135, "We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt dispatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established." The obvious conclusion to be drawn from the above language is that summary judgment is appropriate only in a clearcut case.

■ It is the contention of the United States that the decision of the Circuit Court of Appeals, Second Circuit, in Kind v. Clark, 161 F.2d 36, is res judicata on the issues raised by the complaint herein. Those issues largely concern the alleged personal status of plaintiff as a constructive enemy alien within the terms of the "Trading With The Enemy Act", 50 U.S.C.A.Appendix, § 9(a). In Kind v. Clark, plaintiff herein appeared as trustee of property indirectly related to that over which issue is herein joined. The decision of the

Circuit Court pertained to the property rights of the trust, and not to plaintiff personally. While it is a well understood rule that one ought to be bound by the judgment in a suit which one prosecutes or defends, or assists in doing so, or where one controls the action, it seems somewhat inequitable to apply this rule in such a manner as to prejudice the interest of a remainderman because of the performance of his duty as trustee, where he happens to be a trustee as well as a remainderman. This is particularly true where there are life estates and additional remaindermen at the time the trustee prosecuted or defended the prior suit.

However, it is doubtful that the estoppel referred to above can be applied in this action. In the prior action, the District Court specifically found that plaintiff was not, and had not been, an enemy national within the meaning of the "Trading With The Enemy Act". The Circuit Court appears not to have reversed this portion of the District Court's finding. In any event, neither the Circuit nor District Court found plaintiff, personally or as trustee, to be an enemy national or burdened by "enemy taint". While one might be able to construct such a finding on the basis of the District and Circuit Court opinions, neither of those courts chose to do so. Though the opinion of the late Judge Frank of the Court of Appeals for the Second Circuit contains language which could be construed as characterizing plaintiff's conduct as falling within the prohibition of the "Trading With The Enemy Act", such a characterization was not essential to the holding of the court, as is made clear at pages 39 and 40 of the opinion, and as the Government admits. The court's characterization of plaintiff's conduct was merely one of several bases set forth as alternative support for a finding already made by the court. As such, it is little more than dicta. It might be observed here that

at page 22 of its Supplemental Memorandum, the Government states, "The question here is simply whether plaintiff can show that he is a non-enemy and therefore entitled to recover vested property * * *", but also states at page 15 of the same memorandum, "We do not, of course, urge that the Second Circuit concluded specifically that plaintiff Hermann H. Kind was an enemy within the meaning of the "Trading With The Enemy Act".

At this point, it might be well to observe as does the Government's original memorandum at page 36, the provision of the "Trading With The Enemy Act" that satisfies the constitutional requirement of due process is section 9 (a) which provides that an owner may file a claim and maintain a suit against the Alien Property Custodian for the return of vested property. It might well be questioned whether the requirements of due process would be met by summary judgment, especially in this action, on the basis of Kind v. Clark. The plaintiff ought to be given an opportunity to show that he is without "enemy taint", regardless of how dim a view the Government takes of his prospects of doing so successfully. This, combined with the fact that plaintiff appeared not personally, but as trustee in the previous action, and further that the adjudication of the court pertained specifically to property rights of the trust, not to those of plaintiff personally, indicates that there is insufficient identity of interest, issues and parties to find res judicata herein on the basis of the previous action.

Solely because plaintiff was legally unable to make a personal defense, the very sound reasoning of the Circuit Court of Appeals for the District of Columbia in Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802 is not applicable here.

Therefore, the motion for summary judgment is denied. So ordered.